Cornelius H. **DOHERTY**, Sr., et al.,
Appellants,

v.

Virginia **FAIRALL** et al., Appellees.

No. 21734.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 6, 1968.

Decided April 14, 1969.

Mr. Patrick J. Attridge, Washington, D. C., for appellants.

Mr. Newton Frohlich, Washington, D. C., with whom Messrs. Sidney S. Sachs and Peter R. Sherman, Washington, D. C., were on the brief, for appellees.

Before BURGER, TAMM and LEVENTHAL, Circuit Judges.

BURGER, Circuit Judge:

This is an appeal from an order of the District Court adjudicating Appellant in contempt for refusing to produce copies of executed and unexecuted wills in his possession since they were drafted by him as attorney for the decedent. The parties have utilized this means of securing resolution of a question which can arise with some frequency in probate proceedings.

On September 20, 1965, and for over twenty years prior thereto, Appellant acted as an attorney for Elizabeth Fairall. During the course of that professional relationship Appellant prepared six wills for the decedent. Upon the execution of each new will, the decedent personally destroyed the original signed copy of each prior will. Each new will contained the usual clause revoking prior wills. The decedent purported to execute her last will and testament on September 20, 1965, appointing ·Appellant as the

Executor.[1] No further testamentary instruments were executed by the decedent prior to her death on April 25, 1966. Following her death, Appellant, as named Executor, duly filed the will dated September 20, 1965.

Appellees are the decedent's three nieces and her only heirs at law and next of kin. Appellees and all other legatees initially consented to having the will of September 20, 1965 admitted to probate. Subsequently, however, Appellees revoked their consent and filed a complaint contesting the validity of the will alleging that the decedent was not of sound mind and that the execution of the will was procured by undue influence, duress and coercion. During the pre-trial discovery process Appellant admitted the existence of wills that had been executed by decedent prior to September 20, 1965, but refused to comply with the District Court's order to make available to Appellees copies of those documents.

In defense of his refusal to comply with the District Court's order Appellant urges that the instant suit is against Appellant in his capacity as Executor, and that he possesses the documents solely in his individual capacity as the attorney to the decedent. From this distinction Appellant predicates his refusal to produce the wills on the ground that they are privileged documents since they were prepared by him in the course of his professional relationship with a client.

■ The clear import of existing statutes in the District of Columbia is that copies of former wills, whether executed or unexecuted, must be made available to the court under the threat of criminal penalty.[2] While we take note of Appellant's allegations of continuing fidelity to his deceased client, we cannot agree with his position that the documents in question are privileged in the absolute sense so as to be immune from the discovery process.[3]

As to originals or copies of proposed wills drafted at the request of the decedent, Glover v. Patten, 165 U.S. 394, 17 S.Ct. 411, 41 L.Ed. 760 (1897) supports the view that such documents are excepted from the attorney-client privilege. In *Glover* daughters of the decedent sued to construe the will of their mother and to establish an indebtedness against her estate. At trial the court permitted the daughters to introduce testimony of an attorney friend of the decedent to establish the existence of that indebtedness. The Supreme Court upheld the use of such testimony and stated that "in a suit between devisees under a will, statements made by the deceased to counsel respecting the execution of the will, or other similar document, are not privileged." *Id.* at 406, 17 S.Ct. at 416. If testimony of an attorney as to circumstances and details of the execution of a will is not privileged, it would seem to follow that documentary evidence of existing prior wills should not be excluded under a claim of privilege since actual drafts prepared by an attorney are more reliable evidence of the decedent's testamentary intent than human recollection.

■ For similar reasons we hold that carbon copies of prior wills are also subject to the discovery process; the initial intent of the testator was to have those documents made public at some time. While decedent presumably intended the will to be confidential during his lifetime, there is no warrant for assuming he wanted the document held confidential after his death, when it might help reveal the proper legal effect to be given to the last will and testament published in his name. We recognize that in some circumstances valid reasons exist for keeping a revoked "will" private but these considerations must yield to

---

1. Appellant was named as co-executor with Cornelius H. Doherty, Jr.

2. *See* the following sections of the District of Columbia Code, 1967 edition: 18–109; 18–111; 18–112; 22–1405.

3. In entering the contempt order the District Judge took note of the "test" aspect of the action, as the Appellant viewed it, by observing that Mr. Doherty is a respected member of this bar whose integrity was not in question.

the needs of a situation such as exists here. Courts should not lightly order the production of an inchoate testamentary instrument which never matures into a will. Subsequent destruction of the executed draft evidences an intent to render the will invalid, but the purposes for which the copy is now sought does not depend on its present legal efficacy. Moreover, the doctrine of dependent relative revocation of a testamentary instrument would be frustrated if the attorney for a testator could use the attorney-client privilege claims as a shield to prevent access to prior wills. Linkins v. Protestant Episcopal Cathedral Foundation, 87 U.S.App.D.C. 351, 187 F.2d 357, 28 A.L.R.2d 521 (1950). *See also* 18 D.C.Code § 109 (1967 ed.). In whatever capacity Appellant claims to hold the documents and papers sought, they are subject to the processes of the court.

Affirmed.